PROCTOR & GAMBLE DISTRIBUTING CO. v. GARSON et al.

(Supreme Court, Appellate Term, First Department.    June 26, 1916.)

1. COURTS ⟨key⟩190(2)—MUNICIPAL COURT—APPEALS—APPEAL FROM ORDER—STATUTE.

Under Municipal Code (Laws 1915, c. 279) § 154, governing appeals from orders, plaintiff's appeal will not lie from an order granting motion for an order directing the clerk to pay a defendant the money deposited by her as a condition of having her default opened; such an order can be reviewed only upon appeal from a judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⟨key⟩190(2).]

2. DEPOSITS IN COURT ⟨key⟩12—DISPOSITION AFTER TRIAL.

Where a defendant, sued as a partner, suffered default, which was opened upon her depositing the amount of the judgment in court, upon her claim that she was not a partner, and, upon the subsequent term, the court decided she was not a partner, granting of her motion for an order directing the clerk to pay her the money deposited was proper.

[Ed. Note.—For other cases, see Deposits in Court, Cent. Dig. § 13; Dec. Dig. ⟨key⟩12.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Proctor & Gamble Distributing Company against Bessie Garson and another, copartners doing business under the firm name and style of Garson & Wiener. From an order for defendant Wiener, plaintiff appeals. Appeal dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Hirschman & Drucker, of New York City, for appellant.
Louis P. Goldberg, of New York City, for respondents.

PER CURIAM. [1, 2] The defendants were sued as copartners, the defendant Wiener alone being served. She suffered a default, and judgment was taken against her. Her default was subsequently opened; her claim being that she was not, and never had been, a copartner with the other defendant or connected in business with her. As a condition of opening such default, she was required to and did deposit the amount of the judgment with the clerk of the court, which was done by her alone and so indicated on the docket by the clerk. Upon the subsequent trial, the court decided that she was not a member of the copartnership, and judgment was rendered dismissing the complaint as against her. She thereafter moved for an order directing the clerk to pay to her the money deposited by her as aforesaid, and, from an order granting this motion, the plaintiff appeals.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There is no authority in the Municipal Court Code for an appeal from order of this character. Section 154 of the Municipal Code governs appeals from orders, and an order of this kind can only be reviewed upon an appeal from a judgment. It may be said, however, that the disposition of the motion by the lower court seems to have been correct.

Appeal dismissed, with $10 costs.